IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL GORRIO, | ) | |
| | ) | |
| Plaintiff, | ) | 2:19-cv-1297 |
| | ) | |
| vs. | ) | |
| | ) | |
| CORRECTIONAL OFFICER FRANCIS; et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

Before the Court are motions *in limine* filed by Defendants [ECF 232, ECF 234]. The Court issues this omnibus order resolving the motions as follows.

**I.   Defendants' motion *in limine* to exclude evidence and testimony unrelated to the remaining claims (ECF 232).**

The motion is **GRANTED** in part and **DENIED** in part. Defendants seek to exclude three sets of exhibits that they contend are unrelated to Plaintiff's remaining claims. The Court agrees, in part.

First, Defendants argue that Exhibits 2-4 and 77[1] should be excluded because they explain legal principles. ECF 233, p. 2. Exhibit 2 is a "trial outline" that lists cases, Exhibit 3 is a copy of 17 U.S.C. § 201 (Ownership of Copyright) (a claim that Mr. Gorrio is precluded from addressing at trial), Exhibit 4 lists the elements of claims Mr. Gorrio intends to present at trial, and Exhibit 77 is a portion of the Pennsylvania Administrative Code. ECF 215, 216, 217. The Court agrees that these exhibits are not relevant.

The claims proceeding to trial as of this date are Counts: (B) deliberate indifference to safety; (C) deliberate indifference to healthcare; (D) excessive use of force; (I) deprivation of the right to an education and property interest; (J) assault

---

[1] Mr. Gorrio lists his exhibits both alphabetically and numerically. The Court will refer to the numerical order of exhibits for simplicity.

and battery; and (N) sexual harassment. Any evidence as to copyright is not relevant. As to Exhibits 2, 4, and 77, the Court will instruct the jury on the legal elements of the claims and there is no reason for Mr. Gorrio to introduce these exhibits at trial.

Second, Defendants argue that Exhibits 79-88 should be excluded because they depict incidents unrelated to this case and are thus not relevant to the case. ECF 233, p. 2. The Court agrees. Exhibits 79-88 are YouTube videos that, based on the descriptions provided, depict incidents that occurred in other prisons and events related to the death of George Floyd and the conviction of Derek Chauvin. These videos are not relevant to Mr. Gorrio's claims.[2]

Third, Defendants argue that Exhibits 91-93 and 95-97 should be excluded because they relate to claims that have been dismissed by prior order of the Court. ECF 233, p. 2. Defendants are correct regarding Exhibits 91, 92, 95, and 96, but not Exhibits 93 and 97. Exhibits 91 and 92 are photographs of Mr. Gorrio's destroyed property, and Exhibits 95 and 96 related to a request for funds for copyright registration. As stated above, Mr. Gorrio's claim for his destroyed property and his copyright claim are not proceeding to trial; thus, this evidence is not relevant. However, Exhibit 93, which depicts an individual in a spit hood, and Exhibit 97, a

---

[2] These videos are also likely inadmissible for another reason—the YouTube videos are unauthenticated, absent testimony from an appropriate records custodian, and no such person was identified on Mr. Gorrio's witness list. "The single court having addressed how to authenticate a Youtube.com video, albeit in a criminal context, found that videos from the online video network are self-authenticating as a certified domestic record of a regular conducted activity if their proponent satisfies the requirements of the business-records hearsay exception." *Randazza v. Cox*, No. 12-2040, 2014 WL 1407378, at *4 (D. Nev. Apr. 10, 2014) (citing *United States v. Hassan*, 742 F.3d 104, 132-33 (4th Cir. 2014)).

copy of the Pennsylvania Department of Corrections inmate abuse procedures, are relevant to Mr. Gorrio's excessive force claim.[3]

      The Court will exclude Exhibits 2-4, 79-88, 91, 92, 95, and 96.

## II.   Defendants' motion *in limine* to exclude hearsay statements (ECF 234).

      This motion is **GRANTED**, subject to qualification. Defendants argue that Exhibits 1 and 5-20, which are sworn declarations, should be excluded as inadmissible hearsay. The Court agrees.

      "Hearsay is an out of court statement that is offered for the truth of the matter asserted. Such a statement is inadmissible, unless it falls under a recognized exception to the prohibition against hearsay." *Knopick v. Downey*, No. 9-1287, 2013 WL 1882983, at *6 (M.D. Pa. May 6, 2013) (cleaned up). Sworn declarations are hearsay if they do not fall under an applicable hearsay exception. *Walton v. Correctional Officer Harkleroad*, No. 13-1109, 2016 WL 5887180, at *2 (W.D. Pa. Oct. 7, 2016) (Schwab, J.) ("Any statements contained in the declarations and affidavits listed by Plaintiff in his Witness List and his Trial Exhibits List are hearsay, and therefore, the declarations and affidavits are inadmissible at trial unless the statements contained therein fall under an exception to the hearsay rule."); *see also Thomas v. Garcia*, No. 8-689, 2013 WL 3773861, at *4 (E.D. Cal. July 17, 2013)

---

[3] It is unclear who the individual is in the spit hood, but the photograph is still relevant. It appears that Mr. Gorrio may intend to use it as more of a demonstrative exhibit.

(stating that letters and sworn declarations are "textbook example[s] of a document presented to prove the truth of the matter asserted.").

Based on the Court's review of the declarations, they all appear to be proffered for the truth of the matters asserted, and thus qualify as hearsay. As such, they will be excluded.

This ruling, however, is subject to the following two qualifications. First, if Mr. Gorrio can proffer a non-hearsay purpose for the declarations, he shall so notify the Court in advance of trial, and the Court may then reconsider its ruling. Second, even if the declarations are inadmissible, the parties are free to use them to refresh the declarant's recollection, or to impeach the declarant. *Burlington v. News Corp.*, No. 09-1908, 2015 WL 12838153, at *1, n.1 (E.D. Pa. June 3, 2015).

********************

Dated: December 7, 2023

BY THE COURT:

/s/ J. Nicholas Ranjan
J. Nicholas Ranjan
United States District Judge