# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL GORRIO, | ) | |
| | ) | 2:19-cv-1297 |
| Plaintiff | ) | |
| v. | ) | |
| | ) | J. Nicholas Ranjan |
| CORRECTIONAL OFFICER | ) | United States District Judge |
| FRANCIS; *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>ORDER</u>

On December 18, 2023, Mr. Gorrio filed a motion to appear unshackled during trial. ECF 264. The Court held the motion in abeyance until the pretrial conference. ECF 284. After reviewing evidence and hearing arguments from the parties at the pretrial conference, the Court denies Mr. Gorrio's motion.

"In determining whether an inmate should be physically restrained during trial, district courts may rely on a variety of sources, including (but not limited to) records bearing on the inmate's proclivity toward disruptive and/or violent conduct' (such as the inmate's criminal history and prison disciplinary record), and the opinions of correctional and/or law enforcement officers and the federal marshals." *Sides v. Cherry*, 609 F.3d 476, 582 (3d Cir. 2010) (cleaned up). While a district court may rely heavily on advice from security officers, it may not delegate the shackling decision to such security officers. *Id.* A court has discretion to order physical restraints on a party or witness "when the court has found those restraints to be necessary to maintain safety" but cannot impose restraints that are greater than necessary and "must take steps to minimize the prejudice resulting from the presence

-1-

of the restraints." *Davidson v. Riley*, 44 F.3d 1118, 1122-23 (2d Cir. 1995). The district court must ensure reasonable efforts are made to conceal the shackles from the jury "and to mitigate any potential prejudice through cautionary instructions." *Holloway v. Alexander*, 957 F.2d 529, 530 (8th Cir. 1992).

When making shackling decisions, district courts "[a]t the least, [should hold] a proceeding outside the presence of the jury to address the issue with counsel." *Id.* A hearing out of the presence of the jury allows the court to balance the evidence on the record. *Dickens v. Taylor*, 655 F. App'x 941, 944 (3d Cir. 2016) ("[T]he District Court held a hearing, before the trial and outside the presence of the jury, to address security measures and strike the appropriate balance between the potential prejudice to Dickens and the need to maintain safety and security.").

Before the pretrial conference, the Court ordered SCI-Phoenix to provide the Court with Mr. Gorrio's disciplinary records. ECF 319. These records were provided to Mr. Gorrio and defendants. At the pretrial conference, the Court learned from the correctional officers escorting Mr. Gorrio that Mr. Gorrio was classified as a level-five custody inmate, the highest security level, and then, after the Court requested a specific recommendation, received a recommendation from the officers' shift supervisor that Mr. Gorrio remain shackled. The Court also heard arguments from both parties.

Based on evidence the Court received, including, specifically, Mr. Gorrio's misconduct records (which consists of numerous instances of fighting, assaults,

and/or failure to obey commands),[1] the recommendation of the DOC that he remain shackled, and Mr. Gorrio's classification as a level-five custody inmate who is in the restricted housing unit, the Court finds that Mr. Gorrio should remain shackled.  The Court has taken precautions to eliminate any potential prejudice, including having Mr. Gorrio seated at counsel table before the jury enters the courtroom and having Mr. Gorrio seated at the counsel table farthest from the jury.  The counsel tables in the courtroom also have long skirts that hide Mr. Gorrio's feet from the jury.  Counsel for defendants and Mr. Gorrio were also instructed to remain at counsel's tables when they make statements to the jury and when they question witnesses.

The Court also took these precautions during jury selection to ensure Mr. Gorrio was not prejudiced.  Mr. Gorrio noticed that potential Jurors 1-7 (those who were closest to him in the gallery) may have seen his shackles based on their position in the courtroom relative to him.  While Mr. Gorrio could not say for certain whether any of these prospective jurors saw his shackles, out of an abundance of caution, the Court dismissed Jurors 1-7 before the jury was selected.

Finally, during trial, Mr. Gorrio requested that the corrections officers escorting him be required to wear plain clothes instead of their uniforms that identify them as DOC employees.  The "deployment of security personnel in a courtroom during trial" is not "the sort of inherently prejudicial practice that, like shackling, should be permitted only where justified by an essential state interest specific to each

---

[1] The Court attaches to this order for purposes of the record the misconduct report it reviewed.

trial." *Holbrook v. Flynn*, 475 U.S. 560, 568-69 (1986) (reversing grant of habeas petition). This is because there is a wider range of inferences that a jury might draw about a uniformed guard's presence. *Id.* at 569 (upholding the use of four uniformed state troopers at trial). "[T]he presence of uniformed prison guards near [a criminal defendant] presents a subtler indication of incarceration" than shackles or a prison uniform. *Wilkens v. Lafler*, 487 F. App'x 983, 998 (2012) (affirming district court's denial of a state court defendants' claim habeas petition and holding that the presence of guards with DOC insignias near a criminal defendant failed to create an inherently prejudicial circumstance); *Rush v. Weinstein*, No. 23-35018, 2023 WL 7381459, at *2 (9th Cir. Nov. 8, 2023) (holding that uniformed DOC guards sitting directly behind the incarcerated plaintiff was not plain error).

"Prison guards are necessary to insure the continued custody of an incarcerated person[.]" *Tarapchak v. Lackawanna Cnty.*, No. 15-2078, 2017 WL 4778533, at *8 (M.D. Pa. Oct. 23, 2017), *aff'd sub nom. Tarapchak v. Cnty. of Lackawanna*, 739 F. App'x 172 (3d Cir. 2018). Prison guards sitting quietly in the front row of the gallery are unlikely to cause prejudice to an incarcerated plaintiff in a civil case. *Id.* (finding that the incarcerated plaintiff suffered no prejudice because she did not show evidence that the jury was more or less likely to find against her based on the guards' presence and because her case was decided on a motion for judgment as a matter of law, and was never presented to the jury).

In light of the foregoing, the Court finds that the presence of the uniformed DOC guards in the courtroom is not prejudicial to Mr. Gorrio. The two guards have

thus far sat quietly in the front row of the gallery, and have not interacted with Mr. Gorrio in the presence of the jury.  As the Court stated to the parties at the conclusion of the first trial day, if necessary, the Court can also provide an instruction or comment to the jury to normalize the presence of the guards.

For these reasons, Mr. Gorrio's motion to appear unshackled (ECF 264) is denied.  His oral motion for the DOC guards to appear in plain clothes is likewise denied.

Date: January 30, 2024                                    *s/ J. Nicholas Ranjan*
                                                          J. Nicholas Ranjan
                                                          United States District Judge

cc:
Michael Gorrio
QP0644
SCI PHOENIX
1200 Mokychic Drive
Collegeville, PA 19426