IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL GORRIO, | ) |
| Plaintiff, | ) 2:19-cv-1297 |
| vs. | ) |
| CORRECTIONAL OFFICER FRANCIS; et al., | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

Pending before the Court is Plaintiff Michael Gorrio's motion for a new trial. Mr. Gorrio's argument for a new trial is that, during the trial, he realized that he had had isolated interactions with two of the jurors about 13 years ago, and thus those jurors may have been biased against him, which may have influenced the verdict. After careful consideration, the Court denies the motion, for two reasons.

First, Mr. Gorrio waived this objection by failing to raise it during the trial. As he concedes in his motion, Mr. Gorrio knew during the trial of his prior interactions with these jurors; but he never brought it to the Court's attention. He cannot, now, opportunistically, raises his objection after trial and after the jury returned a defense verdict. Second, even if Mr. Gorrio had not waived his objection, he is not entitled to a new trial. Based on the motion that he submitted, Mr. Gorrio has not demonstrated that either juror failed to answer honestly a material *voir dire* question, or that even if the jurors had answered dishonestly, that a correct response would have given rise to cause to strike. As such, there is no basis for granting a new trial.

## BACKGROUND

On January 29, 2024, the Court conducted *voir dire* to select a jury in this civil prisoner's rights trial. During the *voir dire* process, the Court asked the pool of jurors, among other questions:

> 1. The caption of this case is Michael Gorrio vs. Correctional Officer Francis, et al. at No. 19-1297. Plaintiff, Michael Gorrio, filed this lawsuit, claiming that the defendants, individuals employed at the Department of Corrections, violated his rights under the Eighth Amendment and state law in a series of events between December 2018 and February 2020. The defendants deny any wrongdoing and assert that their actions were used to respond to Mr. Gorrio's own actions. Based on that description, do you know anything about this case?
>
> 2. Do you know Michael Gorrio?

ECF 276 (finalized *voir dire*).[1] None of the selected jurors answered in the affirmative to these questions. After the selection process was complete, the Court seated eight jurors to hear the case, and both sides confirmed that this was the jury that they selected.

After six days of trial, and one day of deliberations, the jury returned a verdict for Defendants on all claims in the case. ECF 333; ECF 338.

On March 13, 2024, Mr. Gorrio timely filed his motion for a new trial under Federal Rule of Civil Procedure 59. ECF 342. In his motion, Mr. Gorrio alleges that he was acquainted with two jurors, James Slater and Tyler Crawford. *Id.*, ¶ 5. In support of this allegation, Mr. Gorrio states that he lived in the Southside neighborhood of Pittsburgh in 2011, at three different locations, and could frequently be found at bars in that area, including Jack's, Jekyl and Hyde, Diesel, and Levels. *Id.*, ¶¶ 6-7. Mr. Gorrio states that Mr. Slater also frequented Jack's and Jekyl and Hyde, and Mr. Gorrio "recalls playing bill[i]ards with [Mr. Slater] and getting into an argument with him, which stands as a possible motive and cause of prejudice in this jury trial proceeding." *Id.*, ¶ 7.

---

[1] When this question was asked, Mr. Gorrio stood and faced the jury pool, so that the prospective jurors could see his face in a direct manner.

As to Mr. Crawford, Mr. Gorrio states that "at some point in the morning hours on the aftermath of an evening in the summer of 2011 where [Mr. Crawford] entered into a fist fight with tenant/roommate Dillon Warner in the [presence] of other tenants/roommates" and potentially a neighbor who were located at the residence. *Id.*, ¶ 8. According to Mr. Gorrio, he got involved in the fight between his roommate and Mr. Crawford, by breaking up the fight, and removing Mr. Crawford from the residence. *Id.*

Mr. Gorrio states that the longer the trial went on, the more familiar Mr. Slater and Mr. Crawford seemed, and that if he had "recognized either of the said jurors or materialized a connection prior to the commencement of trial, i.e. in the jury selection process, he would have raised a challenge for cause or a peremptory challenge to avoid or prevent possible prejudice." *Id.*, ¶ 9.

## **LEGAL STANDARD**

Under Rule 59, a court may grant a new trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court[.]" Fed. R. Civ. P. 59(a)(1)(A). To receive a new trial based on challenges to *voir dire*, a party must show that (1) "a juror failed to answer honestly a material question on *voir dire*"; and (2) "a correct response would have provided a valid basis for a challenge for cause." *McDonough Power Equip., Inc. v. Greenwood*, 464 U.S. 548, 556 (1984). "[M]erely knowing one [party] does not, standing alone, constitute a sufficient showing of bias requiring excusal for cause." *United States v. Calabrese*, 942 F.2d 218, 224 (3d Cir. 1991) (collecting cases). Additionally, a party "waives a claim of juror misconduct if he had the information underlying the claim prior to the verdict and failed to raise it with the Court." *United States v. Delatorre*, 572 F. Supp. 2d 967, 987 (N.D. Ill. 2008), *aff'd sub nom. United States v. Benabe*, 654 F.3d 753 (7th Cir. 2011).

## DISCUSSION & ANALYSIS

**I.    Mr. Gorrio waived his objection to the selection of the two jurors because he did not raise the issue during trial.**

Before addressing the merits of Mr. Gorrio's motion, the Court must address the issue of waiver, as Defendants argue that Mr. Gorrio has waived his objection. ECF 345, ¶¶ 22-24.

If a party has knowledge that would allow him to raise a claim during trial, but does not, that claim is waived. *United States v. Broadus*, 7 F.3d 460, 463 (6th Cir. 1993) ("Because of his failure to make an objection to the jury selection system at the trial, defendant has waived his opportunity to challenge it on appeal."). Claims about juror misconduct are not exceptions to this rule. *Delatorre*, 572 F. Supp. 2d at 987 ("If defendants had this information prior to the verdict, their failure to raise the issue with the Court waives their ability to seek a new trial on this ground."). Because a motion for a new trial based on juror misconduct is a "form of new trial motion for newly discovered evidence," the "motion must be supported by proof that the evidence of misconduct was not discovered until after the verdict was returned." *United States v. Bolinger*, 837 F.2d 436, 439 (11th Cir. 1988). If a party "knows of juror misconduct or bias before the verdict is returned but fails to share this knowledge with the court until after the verdict is announced, the misconduct may not be raised as a ground for a new trial." *Id.*; *see also United States v. Gootee*, 34 F.3d 475, 479 (7th Cir. 1994) (collecting cases).

Here, Mr. Gorrio acknowledges that he began to recognize the jurors during the trial. ECF 342, ¶ 9 ("the longer the trial prolonged, the more familiar these two (2) jurors became to the appellant's recognition and at such point the appellant clearly began to recollect the who, what, where, when, and how of the connections. . . . the more the appellant revered and took notice of the said jurors[']s mannerisms,

interactions, voices, and features, the more the appellant was able to place a name with a face with a location[.]").

If Mr. Gorrio knew then that there was a potential that the two jurors knew him, he was required to have raised the issue during trial. By failing to object during trial, Mr. Gorrio has waived his objection.

Importantly, if Mr. Gorrio had raised his objection during trial, the Court could have inquired further of the two jurors. Or the Court could have even struck the two jurors, allowing the remaining six jurors to proceed to deliberate. But by failing to raise this issue during trial, the Court could not provide any of these remedies. And waiting to raise it until after a defense verdict was returned, as a basis for a new trial, is prejudicial to the defense and nothing more than sandbagging the Court. This is why there is a waiver rule, why it is directly applicable in this case, and why it must be enforced. *DeLeon v. Strack*, 234 F.3d 84, 86 (2d Cir. 2000) ("We concluded that the waiver rule promoted judicial economy by preventing a litigant from sandbagging the district judge by failing to object and then appealing." (cleaned up)); *United States v. Thomas*, 999 F.3d 723, 732 (D.C. Cir. 2021) (noting that where a party intentionally does not raise an issue during trial, applying the waiver rule "discourages sandbagging, that is, purposefully inducing the district court to commit an error that can form the basis for an appeal in the event of an unfavorable result at trial").[2]

---

[2] Mr. Gorrio represented himself during trial, but that doesn't excuse his obligation to comply with the rules and raise objections in a timely manner. *See Martinez-McBean v. Gov't of Virgin Islands*, 562 F.2d 908, 912 (3d Cir. 1977) ("[T]he right of self-representation is not a license (excusing compliance) with relevant rules of procedural and substantive law[.]" (cleaned up)). Indeed, Mr. Gorrio raised a number of proper and well-formed objections on other matters; he was capable of doing the same regarding the asserted juror-misconduct issue.

**II.      Even if Mr. Gorrio had not waived his objection, his motion otherwise fails.**

Even if Mr. Gorrio had preserved his objection, it still fails on the merits and does not warrant a new trial. The best way to analyze Mr. Gorrio's claim is to construe it essentially as a challenge to the two jurors' failure to honestly answer the *voir dire* question that they knew Mr. Gorrio.

As noted above, under the so-called "*McDonough* test," to receive a new trial based on challenges to *voir dire*, a party must show that (1) "a juror failed to answer honestly a material question on *voir dire*"; and (2) "a correct response would have provided a valid basis for a challenge for cause." *McDonough*, 464 U.S. at 556.

"The first prong of the *McDonough* test requires a showing that the juror intentionally and deliberately withheld material information." *United States v. Holck*, 398 F. Supp. 2d 338, 360 (E.D. Pa. 2005), *aff'd sub nom. United States v. Kemp*, 500 F.3d 257 (3d Cir. 2007). Meeting the first prong of the test "plainly requires an affirmative dishonest statement[.]" *Holck*, 398 F. Supp. 2d at 361. Additionally, there is a "presumption that the jurors will obey their oath, and answer questions truthfully." *United States v. Torquato*, 316 F. Supp. 846, 851 (W.D. Pa. 1970).

Mr. Gorrio has failed to meet the first prong of the *McDonough* test. Mr. Gorrio himself acknowledges that the incidents he describes took place more than 13 years ago and "remain distant in [his] memory." ECF 342, ¶ 9. Mr. Gorrio also states in his motion that one of the events took place when the parties involved "were intoxicated and/or under the influence of drugs," which would make it less likely that anyone could remember the details of that event. *Id.*, ¶ 8 (describing incident with Mr. Crawford). Based on Mr. Gorrio's motion and the circumstances of the alleged encounters, it is more plausible that neither Mr. Slater nor Mr. Crawford remembers meeting Mr. Gorrio because of the length of time that has passed and the isolated

circumstances of the encounters.[3] Mr. Gorrio has not shown that either of the jurors in question "intentionally and deliberately withheld material information" nor has he shown that they made "an affirmative dishonest statement." *Holck*, 398 F. Supp. 2d at 361.

Mr. Gorrio has also failed to meet the second prong of the *McDonough* test. Even if the two jurors made a dishonest statement during *voir dire*, a correct response would not have provided a valid basis for Mr. Gorrio to challenge the jurors for cause due to bias. *McDonough*, 464 U.S. at 556. "[T]here is no constitutional prohibition in jurors simply knowing parties involved or having knowledge of the case." *United States v. Davis*, 306 F.3d 398, 419 (6th Cir. 2002) (cleaned up). Additionally, mere acquaintance between a juror and a plaintiff or a defendant is not a sufficient showing of bias. *Calabrese*, 942 F.2d at 224.

Based on the information presented in the motion, Mr. Gorrio has not shown that the two jurors were biased. With respect to Mr. Slater, Mr. Gorrio provides no specifics as to the verbal argument that occurred while playing pool in 2011. And with respect to Mr. Crawford, Mr. Gorrio, at most, states that he was a peacemaker, and broke up a fight between Mr. Crawford and someone else; there is no additional information presented by Mr. Gorrio about that encounter that would suggest bias.

In short, Mr. Gorrio's motion is simply too speculative to find any bias by the two jurors. That, in and of itself, is a strong indicator of why the motion fails. That is, if Mr. Gorrio barely recalls the details about these incidents with two random

---

[3] It appears that Mr. Gorrio may simply be mistaken in identifying Mr. Slater and Mr. Crawford as the two people he remembers. It is statistically improbable that any party or attorney would know two of eight jurors seated in a trial in this District. The simple odds of that happening would be like someone winning the lottery, given the random selection of jurors from a large multi-county area, the random selection of the pool for this specific trial (here, about 30 jurors), and then the narrowing down of the selection of jurors to the eight seated jurors. After all of that, for a party to know not one, but two, of the selected jurors, is highly improbable.

acquaintances so many years ago, it is a telltale sign that the two jurors likely didn't either; and thus there would be no basis to find bias. *United States v. Claxton*, 766 F.3d 280, 300-01 (3d Cir. 2014) (holding that a juror was not implicitly biased simply because the juror worked with one of the witnesses); *Toms v. Foss*, No. 17-7633, 2020 WL 8509898, at *8 (C.D. Cal. Dec. 28, 2020) (finding no bias when a juror and a witness knew each other in high school and their last contact was a Facebook post six years prior to the trial), *report and recommendation adopted*, No. 17-07633, 2021 WL 518398 (C.D. Cal. Feb. 9, 2021).

Because Mr. Gorrio cannot satisfy the *McDonough* test, his claim fails on the merits.[4]

---

[4] Although Mr. Gorrio hasn't asked for a hearing, the Court has independently considered whether it ought to hold a hearing with the two jurors, but finds that such a hearing is not warranted. As the Third Circuit has warned, courts must be "reluctant to haul jurors in after they have reached a verdict in order to probe for potential instances of bias, misconduct or extraneous influences." *United States v. Anwo*, 97 F. App'x 383, 386 (3d Cir. 2004) (cleaned up). This is because such hearings may lead to jury harassment, increase the "temptation for jury tampering," inhibit jury deliberation, and create "uncertainty in jury verdicts." *Id.* at 386-87. A post-trial hearing is only necessary when a party comes forward with "clear, strong, substantial and incontrovertible evidence . . . that a specific, non-speculative impropriety has occurred." *Id.* at 387 (cleaned up). For the reasons above, Mr. Gorrio has not presented "clear, strong, substantial and incontrovertible evidence" for this Court to hold a hearing.

\* \* \*

Therefore, after careful consideration, it is hereby **ORDERED** that Plaintiff Michael Gorrio's motion for a new trial (ECF 342) is **DENIED.**

Dated: April 19, 2024

BY THE COURT:

/s/ J. Nicholas Ranjan
J. Nicholas Ranjan
United States District Judge

cc:
Michael Gorrio
QP0644
SCI Pine Grove
189 Fyock Road
Indiana, PA 15701